UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANTHONY THROOP,<br><br>            Plaintiff,<br>v.<br><br>J.S. WOODFORD, et al.,<br><br>            Defendants. | Civil No. 06cv2376-JAH(NLS)<br><br>**ORDER DENYING PLAINTIFF'S RENEWED REQUEST FOR ASSISTANCE OF COUNSEL**<br><br>[Doc. No. 98] |

Plaintiff Edward Anthony Throop ("Plaintiff"), an inmate currently incarcerated at Calipatria State Prison and proceeding *pro se*, has filed suit pursuant to 42 U.S.C. § 1983 alleging various violations by multiple defendants of his civil rights. Before the Court is Plaintiff's Renewed Request for Assistance of Counsel and Declaration in Support [Doc. No. 98]. Plaintiff states that good cause exists to appoint counsel to represent him in this case. Specifically, Plaintiff avers that he suffers from a hand injury that significantly slows his ability to prepare his handwritten legal pleadings. (*Declaration in Support of Plaintiff's Renewed Request* ¶¶ 3-4.) Plaintiff previously requested appointment of counsel at the outset of this litigation based on the alleged complexity of the case. (*See Plaintiff's October 26, 2006 Motion*, Doc. No. 3.) That request was denied by presiding District Judge John A. Houston on January 23, 2007. (*See Court Order*, Doc. No. 13.)

## **PLAINTIFF'S RENEWED REQUEST FOR APPOINTMENT OF COUNSEL**

Plaintiff comes before the Court, once again requesting that counsel be appointed to represent him in this matter pursuant to 28 U.S.C. § 1915(e)(1). Plaintiff alleges that he suffers from a hand/wrist

injury which resulted from an accident where he plunged down a flight of concrete stairs while fully shackled and handcuffed to a belly chain.  (*Plaintiff's Renewed Request* ¶ 3.)  Plaintiff states in his declaration:

> "I have been suffering from pain and weakness in my writing hand.  I am often unable to do any handwriting on some days because applying pressure with my fingers in 'pinching motions' is what causes the throbbing sensations along the nerves in my forearm and hand . . . I can only write with my right hand, and I do it a lot.  This is why using a pen is the most agonizing function; to do so I must hold pens awkwardly and print very slowly because it hurts to grip the pen with these fingers for long periods . . ."

(*Plaintiff's Declaration in Support* ¶3.)  Plaintiff argues that his impaired ability to write, combined with his placement in administrative segregation, warrant appointment of counsel.  Because he cannot write without a great deal of pain and very slowly, and does not have a cell mate to assist him or access to typewriters that are available to general population inmates, Plaintiff reasons that an attorney must be provided to aid him in preparing and filing his legal papers in a timely manner.

In further support of his request, Plaintiff attaches several exhibits.  Exhibit "A" consists of reports generated by the staff at Calipatria State Prison detailing the accident that resulted in Plaintiff's hand injury.  According to Correctional Officer R. Hueso, on June 28, 2006:

> "Officer J. Gonzalez and myself were escorting Inmate Throop down the stairs.  I observed Inmate Throop roll down the stairs.  I asked Inmate Throop how he fell down.  Throop stated, "I tripped with the leg irons (leg restraints)." ( . . . ) Inmate Throop was taken via Gold Cross ambulance to El Centro Regional Medical Center.  Inmate Throop was medical [sic] evaluated and discharged."

(*See Ex. "A,"* 1.)  Exhibit "B" consists of recent medical records which demonstrate Plaintiff's hand and wrist injuries sustained as a result of his fall in June 2006 have worsened in the last year.  On June 13, 2007, Plaintiff was advised by prison medical personnel to rest his hand for six to eight weeks and to continue taking previously prescribed medication each day to alleviate the pain.  (*See Ex. "B,"* "Thirty (30)-Day Specialty Consult Progress Note.")  On June 21, 2007, an orthopedic surgeon examined Plaintiff's hand/wrist and ordered nerve conduction studies and imaging studies to better determine the extent of the damage.  (*See id.*, "Orthopedic Clinic Consultation Report.")  Exhibits "C," "D," and "E" consist of numerous records of Plaintiff's attempts to seek accommodation from prison officials in the form of handwriting assistance and further curative treatment for his hand injury.  Exhibit "F" includes prison records detailing Plaintiff's continued incarceration in the administrative segregation housing unit

at Calipatria based on prison officials' determination that Plaintiff is gang-affiliated.  Exhibit "G" includes copies of approximately eight letters from various prisoner legal assistance programs throughout the country, contacted by Plaintiff, who have refused to provide him with legal representation in this matter.  Finally, Exhibit "H" is a log that details the legal mail generated by Plaintiff over a two month period of time between March 9, 2007 and May 8, 2007.  It shows that Plaintiff sent approximately forty-four letters/legal mailings to various courts, court services, attorneys, and organizations in that period.

### DISCUSSION

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is at the district court's discretion, and requires the court to make a finding of "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).  Such a finding "requires an evaluation of both the 'likelihood of success on the merits [and] the ability of the petitioner to articulate [his/her] claims *pro se* in light of the complexity of the legal issues involved.'"  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).  Neither of these issues is dispositive, and both should be viewed together before reaching a decision.  *Id*.

Based on the current record, it appears that Plaintiff has a sufficient grasp of his case, as well as the legal issues involved, and is able to adequately articulate and communicate the basis of his claims, despite the fact that he appears to suffer from a chronic hand/wrist injury to his writing hand.  He has submitted the appropriate pleadings when necessary, and filed numerous motions and supporting documents since filing his original complaint and exhibits in support which totaled over one hundred and seventy pages.  For instance, Plaintiff to date has filed seventeen miscellaneous motions in his case, in addition to the instant request.  (*See* Doc. Nos. 2-5, 10, 12, 16, 18, 20, 65, 80, 81, 85, 86, 92, 94 & 100.)

Plaintiff acknowledges that he is intelligent enough to represent himself.  (*Plaintiff's Declaration* ¶ 11.)  Plaintiff therefore bases his request for assistance of counsel on his hand injury, and states that "if I were released to general population, as was recommended before I filed suit, I would have access to a

typewriter and would not require the assistance that is now needed with performing certain functions." (*Id*. ¶ 10.)  The Court shall presume that the prison's decision to prevent segregated inmates from using typewriters and Plaintiff's continued incarceration in Calipatria's segregated housing unit are both the result of valid penological interests.  In fact, Exhibit "F" attached to Plaintiff's moving papers demonstrates that he remains in administrative segregation due to his suspected gang affiliation.  The documents submitted by Plaintiff lend credibility to the prison officials' decision to ensure that Plaintiff receives the type of protection that only can be provided in prison by separation from other inmates.

Also, the Court notes that Plaintiff previously filed motions requesting extensions of time to file opposition papers to Defendants' pending motions to dismiss, citing his hand injury as one of the reasons he requires additional time.  (*See* Doc. Nos. 86 & 92.)  The Court granted both extension requests, and will continue to consider such requests in the future so long as Plaintiff states his good cause for needing additional time to complete his filings.  (*See* Doc. Nos. 87 & 95.)  The Court acknowledges that based on the medical evidence it appears that Plaintiff suffers from an injury to his writing hand, however, his difficulties have not prevented him from litigating his case thus far and do not rise to the level of "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Renewed Request for Appointment of Counsel [Doc. No. 98] is **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED:  August 9, 2007

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge